UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BEAU ASHLEY DERISE                    CIVIL ACTION NO. 6:19-cv-01289

VERSUS                                JUDGE JUNEAU

ACADIAN AMBULANCE CORP.               MAGISTRATE JUDGE HANNA

**REPORT AND RECOMMENDATION**

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Acadian Ambulance Service, Inc. (Rec. Doc. 4). No opposition to the motion was filed before the deadline established in the court's notice of oral argument. (Rec. Doc. 5). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted and the plaintiff's complaint should be dismissed without prejudice for lack of subject-matter jurisdiction.

**Background**

In his complaint, the plaintiff alleged that he was involved in an automobile accident on September 7, 2015 in Iberia Parish, Louisiana. He further alleged that the defendant, Acadian Ambulance Service, Inc., provided transportation services

following the accident. However, the plaintiff did not state whether he was transported in an Acadian ambulance or, if so, where he was transported to from the scene of the accident. He alleged that, following the accident, Acadian Ambulance attempted to slander his reputation; made several attempts to kill him; tried to steal his identity with a body double; followed him; connected devices to automobiles, barges, and personal homes; tried to turn other people against him; paid off government officials not to hear his complaints; violated the F.C.C. code by hacking his cell phone; violated D.C.F.S. regulations by denying him food stamps; lied to local businesses; and claimed to have given him AIDS, hepatitis, and a staph infection.

Acadian Ambulance responded to the complaint by filing the instant motion, which seeks dismissal of the plaintiff's claims either because the court lacks subject-matter jurisdiction or, alternatively, because the plaintiff's complaint fails to state a claim upon which relief can be granted by the court.

## Law and Analysis

### A. Pro Se Status

Mr. Derise is proceeding in this lawsuit without the assistance of legal counsel. A *pro se* litigant's pleadings are construed liberally[1] and held to "less

---

[1] *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472 (5th Cir. 1996); *S.E.C. v. AMX, Intern., Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

stringent standards than formal pleadings drafted by lawyers."[2] However, a *pro se* "plaintiff must prove, by a preponderance of the evidence, that the court has jurisdiction based on the complaint and evidence."[3] A *pro se* plaintiff must also abide by the rules that govern federal courts[4] and properly plead sufficient facts that, when liberally construed, state a plausible claim to relief.[5] A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the court's intention to do so and an opportunity to respond.[6] However, a court should generally allow a *pro se* plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim.[7]

---

[2] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

[3] *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed. App'x 401, 402-03 (5th Cir. 2013) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

[4] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x 419, 421 (5th Cir. 2013)).

[5] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). See, also, *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed. App'x at 421-22.

[6] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

**B.      Subject-Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[8] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[9] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[10] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[11]

Without subject-matter jurisdiction, a federal court has no power to adjudicate claims, and it must dismiss an action if subject-matter jurisdiction is lacking.[12] "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time."[13] "If the court determines at any time that it lacks subject-

---

[8]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[9]     28 U.S.C. § 1331.

[10]    28 U.S.C. § 1332.

[11]    *Howery v. Allstate Ins. Co.*, 243 F.3d at 916.

[12]    *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

[13]    *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). See, also, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

matter jurisdiction, the court must dismiss the action."[14] A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.[15] A district court may dismiss a case for lack of subject-matter jurisdiction on the basis of "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[16] The court may "weigh the evidence and satisfy itself" that subject-matter jurisdiction exists.[17] Dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is not a determination on the merits and does not prevent a plaintiff from pursuing a claim in a court with proper jurisdiction.[18] The court should grant a Rule 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle him to recovery.[19] The party asserting federal

---

*Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[14] Fed. R. Civ. P. 12(h)(3).

[15] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[16] *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

[17] *MDPhysicians & Assocs., Inc. v. State Bd. Of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d at 413).

[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[19] *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017).

jurisdiction has the burden of proving its existence by a preponderance of the evidence.[20] Accordingly, the plaintiff must bear that burden in this case.

In his complaint, the plaintiff alleged that the court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. The citizenship of a natural person a natural person such as the plaintiff is determined by the state in which he is domiciled.[21] In his complaint, the plaintiff provided a Louisiana address and alleged that he is a citizen of Louisiana. (Rec. Doc. 1 at 3). Acadian Ambulance is a corporation, as indicated by the abbreviation "Inc." at the end of its name. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[22] In his complaint, the plaintiff alleged that Acadian Ambulance was incorporated under the laws of the state of Louisiana and has its principal place of business in Louisiana. (Rec. Doc. 1 at 3). In support of its motion, Acadian Ambulance confirmed that it is a Louisiana corporation with its principal place of business in Louisiana. (Rec. Doc. 4-1 at 4). Accordingly, the plaintiff did not

---

[20] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir.2008); *Howery v. Allstate Ins. Co.*, 243 F.3d at 919.

[21] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[22] 28 U.S.C. § 1332(c)(1).

establish that he and the defendant are citizens of different states or that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332.

The plaintiff also failed to establish that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. A district court has federal-question jurisdiction when the plaintiff's claims "arise under the Constitution, laws, or treaties of the United States."[23] Whether a claim arises under federal law so as to confer federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[24] Under the well-pleaded complaint rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[25] In other words, federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[26] Generally, a suit arises under federal law for the purpose of establishing federal-question jurisdiction if there

---

[23] 28 U.S.C. § 1331.

[24] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

[25] *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. App'x 343, 344 (5th Cir. 2007) (quoting *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)).

[26] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

appears on the face of the complaint some substantial, disputed question of federal law.[27] A pro se complaint must comply with the well-pleaded complaint rule,[28] which requires a federal question to appear on the face of the plaintiff's complaint.[29]

The only claim set forth in the plaintiff's complaint that might possibly arise under federal law is his claim that Acadian Ambulance violated "the F.C.C. code" by hacking his cell phone. However, the complaint contains only a conclusory allegation in that regard and no facts underlying the claim. The plaintiff did not even identify the specific federal statute that he claims was violated. This Court therefore concludes that the hacking claim does not satisfy the requirements of the well-pleaded complaint rule.

The allegations set forth in the plaintiff's complaint are conclusory allegations that the defendant is liable for state-law defamation or for crimes such as stalking, identity theft, attempted murder, public corruption, and bribery, but there are no civil remedies for the alleged crimes. Further, the plaintiff stated in his complaint that he

---

[27] *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

[28] See, e.g., *Vela v. Manning*, 469 Fed. App'x 319, 321 (5th Cir. 2012); *Lai v. Guller*, No. 3:18-CV-1121-B-BK, 2018 WL 6174220, at *2 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, 2018 WL 6172063 (N.D. Tex. Nov. 26, 2018); *McGee v. McGee*, No. 18-cv-0807, 2018 WL 3342060, at *2 (W.D. La. June 21, 2018), report and recommendation adopted 2018 WL 3341793 (W.D. La. July 6, 2018); *Allsbrook v. Osbourn*, No. 2018 WL 3041195, at *2 (W.D. La. Mar. 29, 2018), report and recommendation adopted, 2018 WL 3040018 (W.D. La. June 19, 2018).

[29] *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

is seeking to bankrupt the defendant, but that is not a valid remedy for the violation of state or federal laws. Because the plaintiff failed to present a plausible federal law claim on the face of his complaint, he failed to establish that the court has subject-matter jurisdiction over this action, and the action should be dismissed.

**B.** **Failure to State a Claim**

Because the court lacks subject-matter jurisdiction over this action, it is not necessary to determine whether the plaintiff properly stated a claim upon which relief can be granted by the court. Indeed, it would be improper to do so.

### Conclusion

For the reasons set forth above, this Court recommends that the motion to dismiss that was filed by the defendant, Acadian Ambulance Service, Inc., (Rec. Doc. 4) should be granted, and the plaintiff's complaint should be dismissed without prejudice for lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[30]

Signed at Lafayette, Louisiana, this 2nd day of December 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[30] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).