UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BEAU ASHLEY DERISE | CIVIL ACTION NO. 6:19-CV-01289 |
| | CIVIL ACTION NO. 6:21-CV-00069 |
| | CIVIL ACTION NO. 6:21-CV-00251 |
| | CIVIL ACTION NO. 6:21-CV-00368 |
| | CIVIL ACTION NO. 6:21-CV-00396 |
| | CIVIL ACTION NO. 6:21-CV-00457 |
| | CIVIL ACTION NO. 6:21-CV-00803 |
| | CIVIL ACTION NO. 6:21-CV-00806 |
| | CIVIL ACTION NO. 6:21-CV-00819 |
| | CIVIL ACTION NO. 6:21-CV-01889 |
| | CIVIL ACTION NO. 6:21-CV-03669 |
| VERSUS | JUDGE JUNEAU |
| ACADIAN AMBULANCE CORP., ET AL. | MAGISTRATE JUDGE HANNA |

## **ORDER**

*Pro se* plaintiff Beau Ashley Derise has filed numerous baseless lawsuits in this district. He was offered the opportunity to clarify his complaints by testifying at a *Spears* hearing, but he failed to appear,[1] and he was ordered to appear in court

---

[1] Rec. Doc. 4 in Civil Action No. 6:21-cv-00069; Rec. Doc. 6 in Civil Action No. 6:21-cv-00251; Rec. Doc. 9 in Civil Action No. 6:21-cv-00368; Rec. Doc. 9 in Civil Action No. 6:21-cv-00396; Rec. Doc. 10 in Civil Action No. 6:21-cv-00457; Rec. Doc. 4 in Civil Action No. 6:21-cv-00803; Rec. Doc. 4 in Civil Action No. 6:21-cv-00806; Rec. Doc. 4 in Civil Action No. 6:21-cv-00819.

on December 27, 2021 to show cause why he should not be placed on the district's list of sanctioned litigants.[2]

In all but one of the captioned lawsuits, Mr. Derise filed a *pro se* complaint that was dismissed either for lack of jurisdiction or for failure to state a plausible nonfrivolous claim upon which relief might be granted.[3] In the final suit, the complaint was stricken because the plaintiff failed to pay the filing fee.[4] Mr. Derise recently sought to reopen the captioned lawsuits, filing identical motions in each of them, seeking to have summonses reissued and to have a copy of his motion attached to each of his complaints.[5]

Some of the factual allegations set forth in the recent motions reiterate allegations made in Mr. Derise's original complaints but attribute the alleged actions to a private investigator named John Heinrich rather than insurance adjuster Thad

---

[2]   See Rec. Doc. 6 in Civil Action No. 6:21-cv-03669.

[3]   Rec. Doc. 8 in Civil Action No. 6:19-cv-01289; Rec. Doc. 7 in Civil Action No. 6:21-cv-00069; Rec. Doc. 9 in Civil Action No. 6:21-cv-00251; Rec. Doc. 12 in Civil Action No. 6:21-cv-00368; Rec. Doc. 12 in Civil Action No. 6:21-cv-00396; Rec. Doc. 13 in Civil Action No. 6:21-cv-00457; Rec. Doc. 7 in Civil Action No. 6:21-cv-00803; Rec. Doc. 7 in Civil Action No. 6:21-cv-00806; Rec. Doc. 7 in Civil Action No. 6:21-cv-00819; Rec. Doc. 6 in Civil Action No. 6:21-cv-03669.

[4]   Rec. Doc. 5 in Civil Action No. 6:21-cv-01889.

[5]   Rec. Doc. 11 in Civil Action No. 6:19-cv-01289; Rec. Doc. 8 in Civil Action No. 6:21-cv-00069; Rec. Doc. 10 in Civil Action No. 6:21-cv-00251; Rec. Doc. 13 in Civil Action No. 6:21-cv-00368; Rec. Doc. 13 in Civil Action No. 6:21-cv-00396; Rec. Doc. 14 in Civil Action No. 6:21-cv-00457; Rec. Doc. 8 in Civil Action No. 6:21-cv-00803; Rec. Doc. 8 in Civil Action No. 6:21-cv-00806; Rec. Doc. 8 in Civil Action No. 6:21-cv-00819; Rec. Doc. 6 in Civil Action No. 21-cv-01889; Rec. Doc. 7 in Civil Action No. 6:21-cv-03669.

Efferson referred to in Mr. Derise's complaints. The recent motions also allege that Mr. Heinrich engaged in fraudulent or criminal activity after Mr. Derise filed his rash of lawsuits. But neither Mr. Efferson nor Mr. Heinrich was named as a defendant in any of Mr. Derise's lawsuits; therefore, the allegations in the recent motions do not support claims that can be remedied by the court. Furthermore, Mr. Derise alleged in his motions that Mr. Heinrich stole the summonses issued in these cases, preventing service on the defendants. But Mr. Derise filed documents in some of the suits, claiming that he personally served some of the defendants.[6] In other suits, there is no evidence that summonses were issued.[7] Accordingly, Mr. Derise did not support his motions with valid factual or legal reasons for reopening his lawsuits.

Because Mr. Derise is not represented by counsel, his pleadings must be held to a more lenient standard than those of attorneys[8] and construed liberally.[9] Even after applying this standard, Mr. Derise has not presented a valid argument for

---

[6] Rec. Doc. 4 in Civil Action No. 6:21-cv-00251; Rec. Doc. 8 in Civil Action No. 6:21-cv-00368; Rec. Doc. 8 in Civil Action No. 6:21-cv-00396; Rec. Doc. 9 in Civil Action No. 6:21-cv-00457.

[7] Civil Action Nos. 6:191-cv-01289; Civil Action No. 6:21-cv-00069; Civil Action No. 6:21-cv-00803; Civil Action No. 6:21-cv-00806; Civil Action No. 6:21-cv-00819; Civil Action No. 6:21-cv-01889; Civil Action No. 6:21-cv-03669.

[8] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

[9] *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)).

reopening his lawsuits. Accordingly, because he failed to show good cause for reopening his lawsuits,

    IT IS ORDERED that Mr. Derise's motions[10] are denied.

    Signed at Lafayette, Louisiana, this 21st day of December 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[10]     Rec. Doc. 11 in Civil Action No. 6:19-cv-01289; Rec. Doc. 8 in Civil Action No. 6:21-cv-00069; Rec. Doc. 10 in Civil Action No. 6:21-cv-00251; Rec. Doc. 13 in Civil Action No. 6:21-cv-00368; Rec. Doc. 13 in Civil Action No. 6:21-cv-00396; Rec. Doc. 14 in Civil Action No. 6:21-cv-00457; Rec. Doc. 8 in Civil Action No. 6:21-cv-00803; Rec. Doc. 8 in Civil Action No. 6:21-cv-00806; Rec. Doc. 8 in Civil Action No. 6:21-cv-00819; Rec. Doc. 6 in Civil Action No. 21-cv-01889; Rec. Doc. 7 in Civil Action No. 6:21-cv-03669.